IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES BROWNLEE,                                                                                      PLAINTIFF

V.                                                                     NO. 1:05CV150-D-D

WEST POINT POLICE DEPARTMENT, ET AL,                              DEFENDANTS

**O P I N I O N**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently in pretrial confinement at the Clay County Jail, files this complaint pursuant to 42 U.S.C. § 1983. Plaintiff states that he is awaiting trial for murder. He contends that he acted in self defense, that the arresting officers would not listen to his version of what happened, that his *Miranda* rights were not timely read to him, that the officers didn't properly investigate the incident, that his car was illegally searched, that no evidence was presented against him at his preliminary hearing, and that because he acted in self defense he is not guilty of the charged offense.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

When a prisoner brings a § 1983 action seeking damages, the trial court must ascertain whether a judgment in favor of the plaintiff in the § 1983 action would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 2372 (1994). If it would, the prisoner must show that his conviction has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" in order to state a claim. *Id*. at 114 S.Ct. 2373. If not, dismissal of the § 1983 action is appropriate.

Plaintiff's allegations clearly are covered by *Heck*. While a judgment in favor of the plaintiff would not "necessarily imply the invalidity of his conviction or sentence," since there has not yet been a conviction, such judgment clearly would result in plaintiff's release from incarceration. As in *Heck, id.*, before a cause of action arises under §1983 plaintiff must first show that the reason for

his confinement has been "expunged, invalidated, or impugned by a writ of habeas corpus." Since plaintiff has not so demonstrated, his complaint is premature and is legally frivolous under 28 U.S.C. § 1915(d).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

Even if the court elected to treat the complaint as a habeas corpus petition, there is no indication whatsoever that plaintiff has exhausted state court remedies. It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)). Until plaintiff does this he is ineligible to pursue habeas corpus relief in this court.

A final judgment in accordance with this opinion will be entered.

THIS the 11th day of July, 2005.

/s/ Glen H. Davidson
Brwon CHIEF JUDGE